IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM M. MAY, Inmate #B06053,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**JASON C. GARNETT, SCOTT** )<br>**DEMPSEY, and UNKNOWN** )<br>**MAILROOM EMPLOYEES,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 04-846-DRH** |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, a former inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff states that there is excessive delay in sending and receiving mail at Lawrence Correctional Center. Plaintiff states that it takes two to three weeks for his wife to receive a letter he wrote. He states that he received a letter on November 9, 2004, that was postmarked October 3, 2004. Plaintiff also states that his wife sent him some books that were received in the mail room on July 22, 2004. When Plaintiff had not received them and asked about them, he was told they were lost. Plaintiff states that the excessive delays in mail result in mental cruelty, pain, and suffering.

Claims regarding prisoners receiving mail are analyzed under the First Amendment.

> The free-speech clause of the First Amendment has been held to have some application to communications with and among prison inmates, especially (though not only) where, as in the present case, one party to the communication is not an inmate. *See Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 2260, 96 L.Ed.2d 64 (1987); *Procunier v. Martinez*, 416 U.S. 396, 408, 94 S.Ct. 1800, 1809, 40 L.Ed.2d 224 (1974); see generally *Ustrak v. Fairman*, 781 F.2d 573, 577-78 (7th Cir.1986). But in recognition of the acute security problems of modern American prisons, the courts have upheld restrictions on such communications that would be intolerable if both sender and recipient were free persons. *See, e.g.*, *Turner v. Safley*, supra, 107 S.Ct. at 2263-64; *Gaines v. Lane*, 790 F.2d 1299 (7th Cir.1986); *Ustrak v. Fairman*, supra, 781 F.2d at 580; *Smith v. Shimp*, 562 F.2d 423 (7th Cir.1977).

Martin v. Brewer, 830 F.2d 76, 77 -78 (7th Cir. 1987). However, the Seventh Circuit has held that allegations of sporadic and short-term delays in receiving mail are not enough to state a violation of the First Amendment. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000); *see also Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Based on these standards, Plaintiff's allegations of delay in receiving mail are not sufficient to state a constitutional claim.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this

action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

    **IT IS SO ORDERED.**

    **DATED: August 19, 2005**

                                                /s/    David RHerndon
                                                   **DISTRICT JUDGE**